UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

              Criminal No. 19-cr-20128

    Plaintiff,

vs.              Honorable Bernard A. Friedman

D-1 Tara Lynn Lee,

    Defendant.

_____/

## PRELIMINARY ORDER OF FORFEITURE

The United States filed an Application for Entry of Preliminary Order of Forfeiture based on the terms of Defendant's Rule 11 Plea Agreement ("Rule 11"), Defendant's guilty plea to Counts Four and Five of the First Superseding Indictment (18 U.S.C. § 1343), and the record in this case. The Government's Application is hereby granted.

Under Rule 32.2 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c) and based on Defendant's Rule 11 and guilty plea, the government's Application for Entry of Preliminary Order of Forfeiture, and the information in the record, **IT IS HEREBY ORDERED AND ADJUDGED THAT**:

1.  A forfeiture money judgment in the amount of $266,750.00, is granted and entered against Defendant Tara Lynn Lee in favor of the United States of

1

America. The Court finds that Defendant obtained at least $266,750.00 in criminal proceeds as a result of her adoption fraud scheme. The money judgment shall become final at entry given that ancillary proceedings are not required for a money judgment.

2. To satisfy the money judgment, any assets that Defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2). The United States is permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets under Federal Rule of Criminal Procedure 32.2(b)(3).

3. The net proceeds derived from the sale of the real property located at 30370 Redford, New Haven, MI 48048 (the "Subject Property"), if any, shall be forfeited to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that her heirs, successors or assigns have, or may have, in these funds is extinguished.

4. This Preliminary Order of Forfeiture shall become final as to Defendant at sentencing and entry of the money judgment and forfeiture of the Subject Property shall be made part of Defendant's sentence and included in her Judgment.

5. Under 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice

of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the identified Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the identified property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the identified property, any additional facts supporting the petitioner's claim, and the relief sought.

6. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the

United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

7. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of any petitioned assets following litigation of the associated third party petition(s).

8. After this Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that addresses the disposition of any timely filed third party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of these funds as prescribed by law.

9. The Money Judgment amount of $266,750.00 shall be reduced by the amount of net proceeds derived from the sale of 30370 Redford, New Haven, MI 48048, when that amount has been determined and forfeiture of the Subject Property is final.

10.  The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

IT IS SO ORDERED.

Dated:  February 26, 2020             s/Bernard A. Friedman  
       Detroit, Michigan             Bernard A. Friedman  
                                           Senior United States District Judge